IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHRISTOPHER TRAVERS FRANKLIN**                               **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 1:13CV189-SAA**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER**
**OF SOCIAL SECURITY**                                                    **DEFENDANT**

## MEMORANDUM OPINION

This case is a request for judicial review under 42 U.S.C. § 405(g) of the decision of the Commissioner of Social Security denying the application of plaintiff Christopher Travers Franklin for supplemental security income (SSI) under Title XVI. Docket 9, p. 145-146, 147-148. Plaintiff filed his application on July 21, 2010, asserting an onset date of July 21, 2010. *Id*. The Commissioner denied his claim initially and on reconsideration. Docket 9, pp. 90-93, 97-99. Plaintiff challenged the denial of benefits and filed a request for a hearing before an Administrative Law Judge (ALJ). Docket 9, pp. 101-102. The hearing was finally conducted on March 20, 2012; the plaintiff appeared at the hearing and was represented by a non-attorney representative. Docket 9, pp. 25-64. The plaintiff, his mother and a vocational expert (VE) testified at the hearing. *Id.*

The ALJ issued an unfavorable decision on June 18, 2012. Docket 9, p. 7-19. Plaintiff retained counsel and timely filed a request for review with the Appeals Council on July 13, 2012. Docket 9, p. 5-6. According to the plaintiff, his attorney submitted to the Appeals Council via facsimile a 12-page brief, plus six pages of new supporting materials, for a total of eighteen

1

pages.[1]  Docket 13, p.2.  The Appeals Council denied plaintiff's request for review [Docket 9, p. 1-4], stating that the Council had "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." Docket 9, p. 1.  The enclosed Order of Appeals Council indicates that it had received only the "Representatives Brief dated August 15, 2012 (12 pages)," and makes no mention of the additional six pages of supporting documents.  See Docket 9, p.4.  Plaintiff filed this appeal, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case under 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I.  FACTS

Plaintiff was born on October 28, 1976 and was thirty-five years old on the date of the ALJ's hearing decision.  Docket 9, p. 19.  He attended special education classes and obtained a certificate of completion from high school.  Docket 9, p. 269.  He was previously employed as a material handler, an unskilled job.  Docket 9, p. 18.  He claimed disability due to seizures, slow learner, headaches and low I.Q.  Docket 9, p. 165.  The ALJ determined that plaintiff suffers from "severe" impairments of "seizure disorder, borderline intellectual functioning, and a specific learning disability." Docket 9, pp. 12, Finding No. 2.  Despite finding he has severe impairments, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404,

---

[1] The plaintiff's brief which the Appeals Council considered is exhibit B24e in the record.  Docket 9, pp. 278-290.

Subpart P, App. 1 (20 C.F.R. §§ 404.920(d), 404.925 and 404.926).  Docket 9, p.13, Finding No. 3.  The ALJ examined the evidence in the record, including opinions from state agency consultants Dr. Glenn James and Dr. Horace Lukens, the plaintiff's treating physician Dr. Reynolds McCain, and testimony from plaintiff, his mother and a VE, and concluded that plaintiff retains the residual functional capacity [RFC] to:

> to work at all exertional levels, with non-exertional limitations.  He can never climb ladders, ropes, or scaffolds.  He must avoid even moderate exposure to workplace hazards such as dangerous machinery and unprotected heights.  He can occasionally balance.  He can frequently stoop, crouch, kneel, crawl, or climb ramps or stairs.  He is capable of performing simple, routine, and repetitive tasks.  He can maintain attention and cooperation for two-hour periods.  He can make simple work-related decisions.  He would be expected to miss two days of work per month.

Docket 9, p. 15, Finding No. 4

Relying on the testimony of a VE, the ALJ held that plaintiff's severe impairments prevented him from returning successfully to his past relevant work.  Docket 9, p. 68, Finding No. 5.  The ALJ then found that, considering the plaintiff's age, education, work experience and RFC, jobs exist in significant numbers in the national economy that the plaintiff is capable of performing.  Docket 9, p. 18, Finding No. 9.  Examples of these jobs included an assembler, assembly press operator, and production helper.  Docket 9, p. 19.  Accordingly, the ALJ determined that the plaintiff was not disabled as defined by the Social Security Act.  Docket 9, p. 19.  Finding No. 10.

As previously noted the plaintiff requested review by the Appeals Council [Docket 9, p. 5], which denied his request.  Docket 9, p. 1.  Plaintiff appeals to this court claiming (1) the Appeals Council erred in not considering all additional evidence submitted before its denial, (2) the ALJ erred at Step 2 when she failed to find plaintiff suffered from mild mental retardation,

which in turn resulted in an erroneous determination at Step 3 of the evaluation process, (2) the ALJ's RFC assessment was not supported by substantial evidence and does not comport with the requirements of SSR 00-4p, (3) the ALJ did not meet her burden at Step 5, and (4) the Appeals Council and the ALJ erred by not addressing the plaintiff's request to re-open his prior application.  Docket 13, p. 1-2.

## II.  STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2]  The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3]  First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4]  Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[5]  At step three, the ALJ must conclude plaintiff is disabled if he proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6]  If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical

---

[2] *See* 20 C.F.R. § 416.920 (2010).

[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4] 20 C.F.R. § 416.920(b) (2010).

[5] 20 C.F.R. §416.920(c) (2010).

[6] 20 C.F.R. §416.920(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

and mental demands of his past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). It is the court's responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the Commissioner applied the proper legal standards in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not re-weigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] In the Fifth Circuit substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).

---

[7]20 C.F.R. §416.920(e) (2010).

[8]20 C.F.R. §416.920(g) (2010).

[9]*Muse*, 925 F.2d at 789.

[10]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The proper inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## III. DISCUSSION

Review of the record and the arguments of both plaintiff and Commissioner reveal two issues that the court is unable resolve without additional information: (1) whether the Appeals Council received and considered the exhibits which were filed as attachments to plaintiff's brief on appeal, and (2) whether the Appeals Council considered plaintiff's request to re-open his prior application.

Plaintiff's counsel, who did not represent him until after the ALJ issued an unfavorable decision, maintains that he submitted six pages of information that were not made a part of the record on this appeal and were likely not considered by the Appeals Council. The Appeals Council Order states that it considered, "Representatives [sic] Brief dated August 15, 2012 (12 pages)" (Docket 9, p.4), yet neither the Commissioner nor the court doubt that plaintiff's counsel submitted the additional six pages of exhibits in support of his brief.[12] Docket 14, p.8. Counsel

---

[12] The exhibits in question total six pages. They consist of plaintiff's "Pupil Personal Data Sheets" from 1984, 1987 and 1990, and Table 2.2 from the Wechsler Adult Intelligence Scale-III Manual. See Attachments 1, 2 and 3 the Plaintiff's Brief in Support of Judicial

6

has submitted to this court the facsimile transmission sheet demonstrating that a total of eighteen pages – not twelve – were submitted by facsimile and confirming that the eighteen pages were transmitted "ok." Docket 15, Exhibit 1. The Commissioner does not challenge the submission of the evidence and acknowledges that the Appeals Council did not refer to it in the denial, but nevertheless offers the circular argument that this court should not consider it on appeal because it was not part of the record.

Second, there is no evidence that the Appeals Council considered the plaintiff's request to re-open his prior application. Again, plaintiff's counsel was not retained until after the ALJ's decision, so this request may or may not have been made to the ALJ, but it was certainly made at the appeals level, and the Appeals Council did not address it.

Both Social Security Regulations and case law require an ALJ to develop a claimant's record. *Kane v. Heckler*, 731 F.2nd 1216 (5th Cir. 1984). "Full development" of the record may include re-contacting treating or examining sources for more, or clarifying, information; seeking records to fill in any evidentiary gaps; ordering consultative examinations; issuing subpoenas to obtain essential records; ordering evaluation to assess claimant's RFC; or seeking out previous SSD/SSI files to ascertain history of claimant's impairments. See *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995); 20 C.F.R. §§ 416.912(e), 416.920(b); *see also* Social Security Disability Claims Practice & Procedure §16.61 (2nd ed. 2014). If an ALJ is aware of important evidence not in the record he or she has a duty to obtain it. Even when the record contains substantial evidence to support the ALJ's decision, a case may be remanded where the ALJ has not adequately developed the record. *See Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir.2000); Ripley,

---

Review. Docket 13.

67 F.3d at 557; *see also Cornett v. Astrue*, 261 F. App'x 644, 648 (5th Cir. 2008).

The Fifth Circuit has held that when a claimant submits new evidence to the Appeals Council, and the Appeals Council denies review, the district court must consider the entire record on appeal, including the evidence which the claimant has submitted for the first time to the Appeals Council. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005); see also Social Security Disability Law & Procedure in Federal Court § 8:10. In *Higginbotham*, the Fifth Circuit held that where the Appeals Council had failed to properly consider new evidence submitted by plaintiff, the case had to be remanded to allow the Appeals Council to review the claim based on the total record, including the new evidence. *Id. See also Watkins v. Astrue*, 925 F. Supp. 2d 1257, 194 Soc. Sec. Rep. Serv. 64 (N.D. Ala. 2013) (Appeals Council's statement that new evidence from a treating physician did not provide a basis for changing the ALJ's decision did not adequately review the evidence was purely conclusory and reflected perfunctory adherence to the ALJ decision.);

In *Miller v. Astrue*, the undersigned determined that the inexplicable omission of a Hearing Officer's Decision which was "potentially significant" to the determination of the plaintiff's claim, in addition to plaintiff's request to reopen his prior claim, was sufficient to warrant remand to the ALJ to "ensure that [the ALJ's] decision is an informed decision based upon sufficient facts." *Miller v. Astrue*, 2011 WL 5979473, *3 (N.D. Miss. November 29, 2011), citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Just as in this case, the plaintiff in *Miller* had mental problems including a low I.Q., had attended special education classes in school and had made a previous application which was denied. Unlike the instant case, the plaintiff was represented by the same attorney both before the ALJ at his hearing and on appeal.

8

*Id.* In *Miller*, the ALJ acknowledged and denied plaintiff's request to re-open his prior claim. *Miller* at *4. Here, the request to re-open the prior claim was made by counsel at the Appeals level. Plaintiff was not represented by counsel at the previous stages of the process.

There is no evidence that the Appeals Council even considered the request to reopen. Further, there is clear evidence that the record in this court is not complete and that the evidence was submitted to but either not received or considered by the Appeals Council. Finally, the Commissioner does not dispute that the evidence was submitted and not addressed, arguing only that it was not relevant. The court disagrees.

The record in this case is incomplete. The missing evidence includes plaintiff's educational history and intellectual and social or other adaptive functioning. The court has no doubt that such information, previously unaddressed, is relevant, and potentially critical, to either the Appeals Council's decision regarding whether to re-open plaintiff's prior claim or to revisit his current claim. Therefore this case should be remanded for additional consideration based on a full and complete record and for a determination regarding plaintiff's request to re-open a previous claim. Because this action is being remanded for consideration and clarification, the court need not address the merits of the plaintiff's remaining arguments at this time.

## IV. CONCLUSION

After thoroughly reviewing the evidence presented to the ALJ and to the Appeals Council and the record as a whole, the court holds that because the record is incomplete, the court is unable to reach an informed decision. The case is remanded to the to the Commissioner for further consideration and clarification. A separate judgment in accordance with this Memorandum Opinion will issue this date.

**SO ORDERED**, this, the 12th day of September, 2014.

        /s/ S. Allan Alexander  
        UNITED STATES MAGISTRATE JUDGE