**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CHRISTOPHER TRAVERS FRANKLIN**                                    **PLAINTIFF**

**v.**                                    **CIVIL CASE NO. 1:13-cv-00189-SAA**

**CAROLYN W. COLVIN**                                    **DEFENDANTS**

**ORDER ON PETITION FOR ATTORNEY'S FEES**

Plaintiff seeks an award for attorney's fees [Docket 18] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Having thoroughly considered the submissions of the parties, the record and the applicable law, the petition is granted.

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Judgment [Docket 17] dated September 12, 2014, this court remanded the case to the Commissioner for further proceedings. Plaintiff now seeks attorney's fees in the amount of $6,873.50, contending he was the prevailing party and the Commissioner's position was not "substantially justified." Plaintiff requests that the total monies sought be paid to his attorney pursuant to a duly executed assignment of EAJA fees.

The EAJA provides for the award of court costs and reasonable attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue*, 609 F.3d 831, 833-34 (5th Cir. 2010); *Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir. 1988).

Here, Plaintiff requests that the $125.00 hourly rate set by the EAJA be adjusted using the national consumer price index ("NCPI"). According to his calculations, he is entitled to a total payment of $6,873.50 in fees, representing 1.5 hours of work completed in 2013 at a rate of $187.00 per hour and 34.7 hours of work completed in 2014 at a rate of $190.00. Counsel claims the hourly rate is below the market rate.

The Commissioner does not dispute that Plaintiff is the prevailing party but does argue that the court should deny the request for fees because her litigation position was substantially justified. [Docket 20]. In the alternative, the Commissioner objects to plaintiff's requested hourly rate arguing the applicable CPI table is the "South Urban" index which would result in an hourly rate of $185.96 for 2013 and $188.90 for 2014.

## SUBSTANTIAL JUSTIFICATION ANALYSIS

The Supreme Court has established that to be substantially justified, the Commissioner's position must have been reasonable, meaning it must have had a reasonable basis in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987). Additionally, the law requires the Commissioner to prove her position was substantially justified at every stage of the proceedings. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003), citing *Herron v. Brown*, 788 F.2d 1127, 1130 (5th Cir. 1986). Therefore, both the ALJ and the Appeals Council decisions are part of the agency's position and must also be substantially justified. *Cummings v. Sullivan*, 950 F.2d 492, 497 7th Cir. 1991; *Herndon v. Commissioner,* No. 3:08-CV-21-WAP-DAS, 2009 U.S. Dist. LEXIS 103708, at 83-4 (N.D. Miss. Sep. 14, 2009).

Both Social Security regulations and case law require full development of a claimant's record. *Kane v. Heckler*, 731 F.2d 1216 (5th Cir. 1984); *see also Cummings v. Sullivan*, 950 F.2d

492, 497 (7th Cir. 1991) ("'Whether or not the position of the United States was substantially justified shall be determined on the basis of the record[,]' which includes the administrative agency record on which the civil action is based."); *Herndon v. Commissioner*, No. 3:08-CV-21-WAP-DAS, 2009 U.S. Dist. LEXIS 103708, at 83-4 (N.D. Miss. Sep. 14, 2009).  As such, consideration of a full and complete record would have been necessary for Commissioner's decision to have met the substantial justification threshold.

This court addressed whether the SSA considered a full and complete record in relation to plaintiff's claim. [Docket 16]  After being denied benefits by the ALJ, plaintiff retained council and filed a request for review with the Appeals Council.  [Docket 9, p. 5-6].  At that time, plaintiff submitted additional supporting materials which either had not been received or not considered in the Appeals Council decision.  [Docket 16, p. 9].  No matter what, the court found "clear evidence that the record [was] not complete,"  [Docket 16, p. 9]  and that there was no doubt "such information, previously unaddressed, [was] relevant, and potentially critical" to properly deciding plaintiff's claim. [*Id.*]

Because she failed to consider plaintiff's full and complete record, the Commissioner lacked substantial justification for her action, and plaintiff is entitled to attorney's fees.

## PROPER CONSUMER PRICE INDEX ADJUSTMENT ANALYSIS

Plaintiff requests that the $125 hourly rate set by the EAJA be adjusted using the national consumer price index ("NCPI").  According to his calculations, he is entitled to a total amount of $6,873.50, representing 1.5 hours of work completed in 2013 at a rate of $187.00 and 34.7 hours of work completed in 2014 at a rate of $190.00.  The Commissioner responds that the proper CPI to be used should be the South Urban Index, rather than the national index used in plaintiff's

calculations. [Docket 20, p. 7-11.]  This adjustment would result in respective hourly rates of $185.96 for hours worked in 2013 and $188.90 for hours worked in 2014.

In defense of the requested rate, plaintiff cites a Ninth Circuit case which held the statutory maximum fee under the EAJA, when adjusted for inflation, should be adjusted based upon cost-of-living increases reflected in the NCPI.  Further, counsel points out the fact that he has been awarded fees based on the NCPI for a number of years without objection from the Commissioner. Plaintiff also requests an award of fees for an additional six hours of attorney time at the rate of $190 for defense of the fee petition.

This court has recently addressed the method used to calculate EAJA fees and the proper consumer price index to be used in this district.  *See Fowler v. Colvin*, No. 4:14CV00039-JMV. That case provided that the proper CPI standard to be used in this district is the South Urban Index.  *Id.*  Therefore, in accordance with that ruling, and to assure uniformity among counsel who represent Social Security claimants in this district,

**IT IS ORDERED:**

Defendant must pay the plaintiff attorney's fees totaling $7,967.17.  $6,833.77 of this amount represents 1.5 hours of work performed in 2013 paid at an hourly rate of $185.96 and 34.7 hours of work performed in 2014 paid at an hourly rate of $188.90 (utilizing the South Urban Index).  Of this amount $1,133.40 represents 6 additional hours of work performed in 2014 for defending the fee petition.

This, the 9th day of January, 2015.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE